Chad M. Nicholson, ISB #7506
McCONNELL WAGNER SYKES & STACEY PLLC
827 E. Park Blvd., Suite 201
Boise, Idaho 83702
Telephone: 208.489.0100
Facsimile: 208.489.0110
nicholson@mwsslawyers.com

Attorneys For Plaintiff Danielle Dorsch

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANIELLE DORSCH, <br><br> Plaintiff, <br><br> vs. <br><br> STATE OF IDAHO DEPARTMENT OF FISH AND GAME, a political subdivision of the State of Idaho; JOHN/JANE DOES I through X whose true identities are presently unknown; <br><br> Defendants. | Case No. 17-428 <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

**COMES NOW,** Plaintiff Danielle M. Dorsch, by and through her counsel of record, Chad M. Nicholson of McConnell Wagner Sykes & Stacey, PLLC, and for cause of action against Defendants Idaho Department of Fish and Game and John/Jane Does I through X, alleges as follows:

### PARTIES

1. At all times referenced herein Plaintiff Danielle Dorsch ("Plaintiff") was a resident of Bingham County, Idaho and is presently a resident of Ada County, Idaho.

**COMPLAINT AND DEMAND FOR JURY TRIAL - Page 1**

2. At all times material hereto, Defendant State of Idaho Department of Fish and Game ("IDFG"), was and is a political subdivision of the State of Idaho, with its administrative offices principally located in Boise, Ada County, Idaho.

3. Defendants, John/Jane Does I through X, whose true identities are presently unknown (the "Doe Defendants") are now, and at all times relevant to this action were, entities or individuals who were the agents, employees, independent contractors, subdivisions, franchisees, wholly-owned subsidiaries, or divisions of IDFG, or are entities or individuals acting on behalf of, in a master/servant or principal/agent relationship with, or in concert with IDFG.

## JURISDICTION AND VENUE

4. Count I of this action asserts civil claims arising under 42 U.S.C. § 2000e, *et seq.* (collectively "Federal Law Claims"). This Court has jurisdiction over such counts pursuant to 28 U.S.C. §§ 1331 and 1343.

5. Count II of this action asserts civil claims arising under the laws of the State of Idaho ("State Law Claims"). This Court has jurisdiction over the State Law Claims pursuant to 28 U.S.C. § 1367(a) since such claims are so related to the Federal Law Claims that they form part of the same case or controversy.

6. This Court is an appropriate venue for this cause of action pursuant to 28 U.S.C. 1391(b)(1) and (b)(2) as the actions complained of took place in this judicial District.

## GENERAL ALLEGATIONS

7. IDFG has more than 500 employees.

8. Plaintiff is an female.

9. Plaintiff became a full-time employee of IDFG on or about June 1, 2008.

10. In October 2013, Plaintiff was advised by her supervisor Chris Jeszke, that her position at Magic Valley Fish Hatchery was being eliminated, that Plaintiff was being offered a

lateral transfer to Grace Fish Hatchery and asked if Plaintiff had ever considered being a "stay-a-home-mom." When Plaintiff asked Mr. Jeszke about his comment and what would happen if Plaintiff refused the transfer, Mr. Jeszke advised that Plaintiff would be "Put on the back burner to percolate."

11. In November 2013, I filed a complaint of sex discrimination based on Mr. Jeszke's comments.

12. IDFG investigated Plaintiff's sex discrimination complaint and Plaintiff was transferred to the Springfield Hatchery effective February 3, 2014. Doug Engemann was the manager of the Springfield Hatchery and Brandon Filloon was the assistant manager. Brian Grant was the Complex Manager of the complex which encompassed the Springfield Hatchery.

13. Plaintiff was the only full-time female employee at the Springfield Hatchery and was not welcome at that site. Upon Plaintiff's arrival, both Mr. Engemann and Mr. Filloon stated that they "did not get to choose her" when referring to Plaintiff.

14. On or about June 25, 2015, Plaintiff advised Mr. Grant of concerns regarding Mr. Engemann's treatment of Plaintiff.

15. On or about July 8, 2015, Plaintiff advised IDFG Human Resources department that Mr. Engemann was creating a hostile work environment. When making this report, Plaintiff advised that she had audio recordings which substantiated her complaints.

16. In response to IDFG Human Resources' request for additional documentation supporting Plaintiff's complaint, on or about July 18, 2015, Plaintiff provided additional documentation, including a statement that she had evidence of her complaints in the form of recorded conversations.

17. By memorandum dated August 6, 2015, entitled Letter of Expectation – Audio recording in the workplace, IDFG advised Plaintiff that she could not record conversations, even

COMPLAINT AND DEMAND FOR JURY TRIAL - Page 3

those to which she was a party. This letter further advised that if Plaintiff continued to make audio recordings, her employment with IDFG would be terminated.

18. On or about October 8, 2015 Mr. Engemann performed an annual review ("October '15 Review") of Plaintiff's performance for the period of November 30, 2014 to October 8, 2015 and gave Plaintiff an overall rating of "Does Not Achieve Performance Standards" ("DNA"). According to the terms of the October '15 Review, the DNA rating was based, *inter alia*, on Plaintiff's recording conversations that Plaintiff was a part of to document the hostile work environment, Plaintiff's asserting complaints to Mr. Engemann and Mr. Filloon about their treatment of her, and Plaintiff's asserting complaints to Mr. Grant regarding Mr. Engemann's and Mr. Fillon's treatment of Plaintiff.

19. In or about January of 2016, IDFG has adopted a policy which expressly prohibits electronic recordings without the full knowledge and consent of all parties.

20. During the course of her employment, Plaintiff submitted thirteen (13) applications for promotions or lateral transfers. Upon information and belief, each of these positions was filled by a male applicant.

21. During the course of her employment with IDFG, Plaintiff was consistently treated differently than her male co-workers. This different treatment included but was not limited to:

    a. Being written up for recording conversations while, upon information and belief, a male who was also recording conversations did not receive a write up;

    b. Mr. Engemann threatened to strangle Plaintiff with a 220 volt extension cord;

    c. Mr. Engemann humiliated and belittled Plaintiff privately and in front of other employees by various means, including but not limited to creating "jiggles" about blaming Plaintiff for things that have gone wrong;

**COMPLAINT AND DEMAND FOR JURY TRIAL - Page 4**

  d. Being made the scapegoat for errors at the Springfield Fish Hatchery;

  e. Being given deadlines for projects that cannot be met;

  f. Depriving Plaintiff of resources which should have been available to her to complete her work;

  g. Excluding Plaintiff from communications necessary to carry out her duties;

  h. Dismissal from the Fish Production Career Committee for no legitimate business reason;

  i. Required to work on the Friday after Thanksgiving in contravention of established work practices;

  j. Co-workers throwing papers against the wall when attempting to resolve different calculations;

  k. Changes to policies and procedures which prevented Plaintiff from continuing to gather evidence regarding the hostile work environment and discrimination to which Plaintiff was being subjected; and

  l. Being denied opportunities for advancement and/or lateral transfers.

22. Plaintiff's employment with IDFG ended on March 25, 2016.

23. On September 20, 2016 Plaintiff filed a Charge of Discrimination with the Idaho Human Rights Commission ("IHRC") alleging sex discrimination and retaliation in violation of the Idaho Human Rights Act, Idaho Code § 67-5901 *et seq*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. Plaintiff requested that the Charge be filed concurrently with the United States Equal Employment Opportunity Commission ("EEOC").

24. On July 28, 2017, the IHRC issued its Notice of Administrative Dismissal and Right to sue. On September 7, 2017, the EEOC issued its Notice of Right to Sue.

## COUNT I: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND THE IDAHO HUMAN RIGHTS ACT.

25. Plaintiff reincorporates the information set forth in Paragraphs 1 through 24 as if set forth herein.

26. The actions of IDFG deprived Plaintiff of opportunities and adversely affected Plaintiff's employment because of her gender in violation of the Civil Rights Act, 42 U.S.C. § 2000e, *et. seq.* and the Idaho Human Rights Act, Idaho Code § 67-5901 *et seq.*, which prohibits discrimination based on gender.

27. IDFG retaliation against Plaintiff for her engaging in protected activity, *i.e.* reporting and opposing a hostile work environment and participating in investigations of such unlawful employment practices, and subjected Plaintiff to adverse employment actions, including but not limited to poor performance reviews and attempting to prevent Plaintiff from gathering evidence in support of her claims in in violation of the Civil Rights Act, 42 U.S.C. § 2000e, *et. seq.* and the Idaho Human Rights Act, Idaho Code § 67-5901 *et seq.*

28. As a result of IDFG's violations of the Civil Rights Act, 42 U.S.C. § 2000e, *et. seq.*, and the Idaho Human Rights Act, Idaho Code § 67-5901 *et seq.*, Plaintiff is entitled to compensatory damages including, but not limited to, lost wages and lost benefits in an amount to be determined with specificity at trial.

29. Plaintiff is entitled to recover her attorneys fees and costs incurred in pursuing this matter pursuant to 42 U.S.C. § 2000e-5(k) and Idaho Code §§ 12-120 and 12-121.

30. Plaintiff hereby reserves this paragraph for the inclusion of a claim for punitive damages pursuant to 42 U.S.C. § 1981a.

///

///

## DEMAND FOR JURY TRIAL

Pursuant to Rules 38(a) and 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by a jury on all issues raised in this action.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against Defendants as follows:

A. For an amount to be provide at trial, but not less than $100,000.00, plus interest thereon at the maximum rate allowed by law, for damages allowed under Title VII of the Civil Rights Act of 1964 and/or the Idaho Human Rights Act;

B. For attorney's fees and cost pursuant to 42 U.S.C. § 2000e-5(k) I.C. § 6-2101, *et seq.*; and

C. For such other and further legal and equitable relief as the Court deems just and proper.

**DATED** this 12 day of October, 2017.

McCONNELL WAGNER SYKES & STACEY PLLC

BY: /s/ Chad M. Nicholson
Chad M. Nicholson
Attorneys for Plaintiff Danielle Dorsch

I:\10555.002\PLD\Complaint(TitleVII).docx