UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANIELLE DORSCH,<br><br>        Plaintiff,<br><br>v.<br><br>STATE OF IDAHO DEPARTMENT OF FISH AND GAME,<br><br>        Defendant. | Case No. 1:17-CV-428-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion for partial summary judgment filed by the State of Idaho. The Court held oral argument on the motion on December 17, 2018, and took the motion under advisement. For the following reasons, the Court will grant the motion in part, holding that several of the claims are time-barred, but deny the motion to the extent it seeks dismissal of the claim that the Did-Not-Achieve performance evaluation was retaliatory in violation of the Idaho Human Rights Act.

## LITIGATION BACKGROUND

The plaintiff Danielle Dorsch claims that during her employment with the Idaho Department of Fish & Game (IDFG), she was consistently denied promotion and transfer opportunities because of her gender, was subjected to a hostile work environment, and was ultimately fired in retaliation for complaining about this to IDFG management.

Dorsch was originally hired by the IDFG in 2008, working as a Fish Culturist at the IDFG's Sawtooth Fish Hatchery, near Stanley, Idaho. Over the next eight years, she often applied for promotions and transfers. She alleges that most of her applications were rejected because of her gender and in retaliation for complaining about that discrimination. She also alleges that during her eight years with the agency, she was subjected to a hostile work environment, leading to her resignation in 2016.

She has filed this lawsuit against the IDFG alleging violations of Title VII and the Idaho Human Rights Act. The IDFG has responded with a motion for partial summary judgment, seeking to dismiss some claims either for failing to have any support in the record or for failing to comply with the time limits imposed by statutes of limitations. The IDFG's motion is a partial motion because it does not address several claims in the complaint. The Court will consider each of IDFG's arguments below.

## ANALYSIS

### Nine Claims for denial of transfer/promotion from 2010 to 2015

Dorsch claims that the IDFG's rejection of her nine applications for promotion and transfer between March 2010 and July 2015 were based on her gender and hence discriminatory in violation of Title VII and the IHRA. Dorsch has made other claims for discrimination based on more recent rejections, but the nine rejection claims between 2010 and 2015 are the only claims challenged by the IDFG at this time as time-barred under the statute of limitations.

Title VII prohibits a lawsuit unless the plaintiff previously filed the charges with the EEOC within 300 days after the occurrence of the allegedly discriminatory act.

*National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002)(citing 42 U.S.C. § 2000e–5(e)(1)). The IHRA prohibits a lawsuit unless the plaintiff previously filed a complaint with the Idaho Human Rights Commission (IHRC) with one year of the alleged unlawful discrimination. *See* Idaho Code § 67–5907(1).

It is undisputed that for the nine rejections challenged in this motion, all occurred more than a year before Dorsch filed her complaint with the IHRC and more than 300 days before she filed her charge with the EEOC. Dorsch responds that even if she cannot seek an independent recovery for these claims, she can nevertheless admit them into evidence in support of timely claims. But that evidentiary issue is not before the Court at this time, and the Court expresses no opinion on it. The Court is holding here that the nine rejections from March 2010 to July 2015 are time-barred under both Title VII and the IHRA. The Court will therefore grant this portion of the IDFG's motion for partial summary judgment.

**Comment by Christopher Jeszke**

Dorsch complains that her manager at the Magic Valley Hatchery, Christopher Jeszke, made disparaging comments based on her gender in violation of Title VII and the IHRA. The comments were made in 2013, and it is undisputed that they were made more than a year before Dorsch filed her claim with the IHRC and more than 300 days before she filed her charge with the EEOC. Dorsch responds that the comments are evidence of a hostile work environment. But that evidentiary issue in not before the Court at this time, and the Court expresses no opinion on it. The Court is holding here that the 2013 comments by Jeszke cannot constitute an independent discriminatory act based on gender

under Title VII or the IHRA because they are time-barred. The Court will therefore grant that portion of the IDFG's motion for partial summary judgment.

**<u>Recordings</u>**

Dorsch received a warning letter from the IDFG on August 6, 2015, directing her to stop recording conversations in the workplace with IDFG employees. Dorsch claims she was recording conversations in an effort to support her discrimination claims. She argues that the warning letter was retaliatory under Title VII and the IHRA because it was imposed only after she had complained about discrimination, and she was the only employee who was subject to such a restriction. She seeks recovery for this restriction up until the time the IDFG imposed the recording restriction on all employees pursuant to an agency-wide rule issued in January of 2016.

It is undisputed that the warning letter was issued more than a year before Dorsch filed her complaint with the IHRC and more than 300 days before she filed her charge with the EEOC. Dorsch argues, however, that each day the recording restriction was in effect constitutes a new retaliatory act, and these continuing violations extend the time for filing, making her filings with the EEOC and IHRC timely.

The Court disagrees. The limitations period begins on the date the act happened, even if there are potential effects of the decision thereafter. *See Morgan,* 536 U.S. at 109. "Mere continuity of employment, without more, is insufficient to prolong the life of a cause of action for employment discrimination." *See Delaware State College v. Ricks*, 449 U.S. 250, 257(1980).

Consequently, the Court will hold that the August 2015 warning letter restricting Dorsch from recording workplace conversations cannot constitute an independent discriminatory or retaliatory act under Title VII or the IHRA because the claim is time-barred. The Court will therefore grant that portion of the IDFG's motion for partial summary judgment.

**Does-Not-Achieve (DNA) Evaluation**

In October of 2015, the IDFG gave Dorsch a poor performance evaluation, referred to as a Does-Not-Achieve (DNA) evaluation. The DNA covered Dorsch's work performance from November of 2014 to October of 2015. It was critical of several areas of Dorsch's work performance, specifically noting her lack of ability to perform basic fish culture math, lack of attention to detail, poor judgment, lack of accountability, defensive behavior, and poor time management.

The IDFG argues that this claim is time-barred under Title VII. If the limitation period begins in October of 2015 when Dorsch received the DNA, her EEOC claim was beyond the 300-day limit. But Dorsch argues that the limitations period begins on December 10, 2015, when she completed her appeals – a process known as the Problem-Solving Procedure – and the decision was finalized. If that date is used, her EEOC charge is timely.

But Dorsch's argument was expressly rejected in *Delaware State College v. Ricks,* 449 U.S. 250 (1980). The plaintiff there made the same argument that Dorsch makes here – that the limitations period should be tolled while an appeal process was underway to reverse or modify the original decision. The Supreme Court rejected the argument,

holding that "the pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the limitations periods." *Id.* (*citing Electrical Workers v. Robbins & Myers, Inc.,* 429 U.S. 229, (1976)). The Title VII claim that relies on the issuance of the DNA must therefore be dismissed as time-barred.

The IDFG concedes that Dorsch timely filed a charge regarding the DNA with the IHRC. The IDFG's motion seeks a finding that the DNA retaliation claim under the IHRA is not actionable as a matter of Idaho law.

The IDFG claims that under Idaho case law, a poor performance evaluation issued after an employee complains about discrimination cannot be retaliatory if a similar poor performance evaluation was issued prior to the employee's complaints. *See Mendez v. Univ. Servs. Boise State Univ.,* 409 P.3d 817, 824 (2018). But *Mendez* was a pro se case where the plaintiff presented nothing to substantiate his retaliation claims. Here Dorsch has submitted evidence challenging the DNA.

*Mendez* is distinguishable for another reason. While it is true that Dorsch received an earlier poor performance evaluation – issued prior to her complaints – she claims that she improved her performance from that earlier evaluation and yet received the same poor evaluation in October of 2015 in retaliation for complaining about discrimination. Her claims raise questions of fact about whether the October 2015 DNA was retaliatory under the IHRA. The Court will therefore deny the IDFG's motion for partial summary judgment on the claim that the October 2015 was retaliatory in violation of the IHRA, but will grant partial summary judgment on the claim that it was retaliatory in violation of Title VII.

**Conclusion**

The Court will therefore grant in part the IDFG's motion for partial summary judgment, and make the following rulings: (1) The nine times Dorsch was rejected by the IDFG for promotion or transfer between March 2010 and July 2015 are time-barred under both Title VII and the IHRA; (2) The 2013 comments by Christopher Jeszke cannot constitute independent discriminatory acts under Title VII or the IHRA because they are time-barred; (3) The August 2015 warning letter restricting Dorsch from recording workplace conversations cannot constitute an independent discriminatory act under Title VII or the IHRA because the claim is time-barred; (4) The claim that the October 2015 DNA was retaliatory in violation of Title VII is time-barred.

The Court will deny the motion to the extent it seeks a ruling that October 2015 DNA was retaliatory in violation of the IHRA.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for partial summary judgment (docket no. 15) is GRANTED IN PART AND DENIED IN PART. It is granted to the extent it seeks the following rulings: (1) The nine times Dorsch was rejected by the IDFG for promotion or transfer between March 2010 and July 2015 are time-barred under both Title VII and the IHRA; (2) The 2013 comments by Christopher Jeszke cannot constitute independent discriminatory acts under Title VII or the IHRA because they are time-barred; (3) The August 2015 warning letter restricting Dorsch from recording workplace conversations cannot constitute an independent discriminatory act

under Title VII or the IHRA because the claim is time-barred; (4) The claim that the October 2015 DNA was retaliatory in violation of Title VII is time-barred.  The Court will deny the motion to the extent it seeks a ruling that October 2015 DNA was retaliatory in violation of the IHRA.

DATED: January 8, 2019

B. Lynn Winmill
U.S. District Court Judge